UNITED STATES of America,
Plaintiff–Appellee,

v.

Richard MANISCALCO, Defendant–Appellant.

No. 07–0250–cv.

United States Court of Appeals,
Second Circuit.

April 24, 2008.

Richard Maniscalco, Port Jefferson Station, NY, pro se.

Kathleen E. Lyon, Attorney (Eileen J. O'Connor, Assistant Attorney General, Thomas J. Clark, Attorney, Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, on the brief), United States Department of Justice, Tax Division, Washington, D.C.

PRESENT: Hon. JON O. NEWMAN, Hon. SONIA SOTOMAYOR and Hon. ROBERT A. KATZMANN, Circuit Judges.

### SUMMARY ORDER

Appellant Richard Maniscalco, *pro se,* appeals from a judgment of the United States District Court for the Eastern District of New York (Hurley, J.), entered on January 10, 2007, granting the petition of the government to enforce an Internal Revenue Service (IRS) summons. We assume the parties' familiarity with the underlying facts and procedural history of this case.

■ Maniscalco argues that the district court lacked jurisdiction to enforce the summons because the government did not have standing to bring such a claim. Maniscalco's arguments are without merit. The IRS may issue a summons to ascertain the liability "of any person for any internal revenue tax" and to "examine any books, papers, records, or other data which may be relevant or material to such inqui-ry." 26 U.S.C. § 7602(a)(1). Pursuant to Internal Revenue Code section 7604, the IRS may initiate a proceeding to enforce such a summons in the district court for the district in which the taxpayer resides or is found. Accordingly, the district court properly adjudicated the government's petition; Maniscalco's jurisdictional arguments are frivolous, relying on false propositions of law and false assumptions about the government's ability to enforce the tax code.

■ Because Maniscalco's brief does not address the merits of the district court's decision to enforce the summons, he has waived any argument to the contrary. *See Norton v. Sam's Club,* 145 F.3d 114, 117 (2d Cir.1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal."). Nevertheless, the district court did not err in enforcing the summons. *See United States v. Powell,* 379 U.S. 48, 57–58, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964) (setting forth the framework for deciding when the IRS may obtain the enforcement of a summons).

As we find this appeal to be entirely frivolous, we direct the appellant to show cause within 30 days why he should not be sanctioned in the amount of $1,000 pursuant to our authority under Federal Rule of Appellate Procedure 38. *See* Fed. R.App. P. 38 ("If a court of appeals determines that an appeal is frivolous, it may, after ... notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee."); *In re JC's East, Inc.,* 84 F.3d 527, 532 (2d Cir.1996).

For the foregoing reasons, the judgment of the district court is AFFIRMED.